# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| STEPHENSON,<br><br>                          Plaintiff,<br>v.<br><br>CLANCY et al,<br><br>                         Defendants. | **MEMORANDUM DECISION AND ORDER ON [43] MOTION TO EXTEND TIME FOR SERVICE**<br><br>Case No. 2:25-cv-00936-CMR<br><br>Magistrate Judge Cecilia M. Romero |

Before the court is Plaintiff's Motion to Extend Time for Service & Notice of Defendant Heidi Bogus's Treatment Status (Motion) (ECF 43). The court granted Plaintiff's Motion to Proceed *In Forma Pauperis* on October 22, 2025 (ECF 6) and ordered the US Marshal Service (Marshals) to effectuate service (*id*.). To date, the Marshals have successfully served seven defendants (*see* ECF 16–21, 29). As to Defendant Heidi Bogus (Defendant Bogus), the Marshals have attempted service at six different addresses, two email addresses, and have called four phone numbers to contact her. Each attempt has proven unsuccessful (*see* ECF 22, 31, 39–41).

Plaintiff now claims that Defendant Bogus may currently be in a "treatment facility," but he does not yet know its name or location (ECF 43 at 2). He indicated he will continue investigating and will provide the Marshals with an updated location once he learns Defendant Bogus' whereabouts (*id*.). Accordingly, Plaintiff filed the present Motion requesting: (1) an extension to the Rule 4(m) service deadline to serve Defendant Bogus; (2) court approval to pursue limited discovery for the purpose of identifying Defendant Bogus' current location; and (3) an order directing the Marshals to promptly reattempt service once a valid address or facility location is obtained (ECF 43 at 2–3).

When a plaintiff is *in forma pauperis* (IFP), the district court is responsible for serving process for the plaintiff. *See Olsen v. Mapes*, 333 F.3d 1199, 1204 (10th Cir. 2003) (citing 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process, and perform all duties in [in forma pauperis] cases. . ..")). While the district court must serve process, defendants must still be served within 90 days under Rule 4(m). *See Murphy v. City of Tulsa*, 556 F. App'x 664, 669 (10th Cir. 2014) (affirming the district court's dismissal of an IFP plaintiff's complaint for not complying with Rule 4(m)'s time limits).

Here, Plaintiff's Complaint was filed on October 21, 2025, (ECF 1); thus, under Rule 4(m), Plaintiff has until January 19, 2026, to serve Defendant Bogus. Since there is ample time remaining to serve Defendant Bogus, the court finds that Plaintiff's request for an extension of the Rule 4(m) service deadline is premature. Moreover, while Plaintiff should continue his efforts to locate Defendant Bogus, Plaintiff has presented no legal authority or basis to grant limited discovery. The court therefore denies both these requests.

As to the final request to order the Marshals to attempt service again, when Plaintiff believes he has found the address of Defendant Bogus, he must file a motion with this court that includes her alleged address and a certification from Plaintiff explaining why he believes this is the correct address. The court will then decide whether the Marshals should attempt to serve Defendant Bogus at the new address.

The court finds this procedure necessary because significant court resources have already been used in attempts to serve Defendant Bogus. Moreover, if Plaintiff cannot locate Defendant Bogus before January 19, 2026, Plaintiff may re-file this Motion requesting an extension of the service deadline. The court, under Rule 4(m), will then decide if there is "good cause" to extend the time for service.

For these reasons, the court **DENIES** Plaintiff's Motion (ECF 43) and orders Plaintiff to file a motion in compliance with this Order once he discovers Defendant Bogus' address.

DATED this 7 November 2025.

*Cecilia M. Romero*
Magistrate Judge Cecilia M. Romero
United States District Court for the District of Utah