IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| MATTHEW AARON STEPHENSON,<br><br>Plaintiff,<br><br>v.<br><br>OFFICER TYLER CLANCY, individually and in his official capacity (Provo Police Dept); OFFICER W. SMITH, individually and in his official capacity (Lehi Police Dept); CITY OF PROVO, a municipal corporation; CITY OF LEHI, a municipal corporation; UTAH COUNTY, a governmental entity; SALT LAKE COUNTY, a governmental entity; TYE CHRISTENSEN, in his official capacity as Deputy Utah County Attorney,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER ADOPTING REPORT AND RECOMMENDATION<br><br>Case No. 2:25-cv-00936-JNP-CMR<br><br>District Judge Jill N. Parrish<br>Magistrate Judge Cecilia M. Romero |

Plaintiff Matthew Aaron Stephenson brings claims against various Utah officials, asserting that they coordinated to wrongfully prosecute and convict him. Mr. Stephenson seeks injunctive relief, declaratory relief, compensatory damages, and punitive damages. Various defendants have moved to dismiss Plaintiff's claims: Officer Smith and Lehi City; Utah County and DCA Christensen; and Provo City and Officer Clancy. ECF Nos. 54, 55, 58, 78, 82, and 83. And Mr. Stephenson has moved to file a Second Amended Complaint and a Sur-reply to the Reply Memorandum filed by Lehi City and Officer Smith. ECF Nos. 76 and 94. Magistrate Judge Romero issued a Report and Recommendation 1) denying as moot those motions pertaining to Mr. Stephenson's original complaint, which is no longer the operative pleading (*see* ECF Nos. 54, 55,

58, and 76); 2) granting without prejudice the motions to dismiss portions of Counts I, II, IV, and V to the extent those Counts seek declaratory and injunctive relief (*see* ECF Nos. 78, 82, and 83); 3) staying portions of Counts I, II, IV, and V to the extent they seek monetary damages; and 4) denying Mr. Stephenson's motion to file a Second Amended Complaint (*see* ECF No. 94) but granting Mr. Stephenson leave to do so once the stay is lifted. For the following reasons, the court ADOPTS Judge Romero's Report and Recommendation in full.

**BACKGROUND**

Mr. Stephenson's first Amended Complaint alleges that he was the victim of a "coordinated, multi-year scheme by Utah law enforcement officers, prosecutors, and a defense attorney to wrongfully prosecute and convict" him "by fabricating evidence, suppressing exculpatory court findings, and denying fundamental due process protections." ECF No. 73 ⁋ 2. Mr. Stephenson's allegations begin with the entry of a civil stalking injunction against Melisa Hansen in May 2022, after the Salt Lake County District Court allegedly determined that Ms. Hansen had stalked Mr. Stephenson. ECF No. 73 ⁋⁋ 16–18. In October 2022, Officer Clancy allegedly fabricated a phone call during which, Officer Clancy claimed, Mr. Stephenson admitted to illegally contacting Ms. Hansen. *Id*. at 22–23. Mr. Stephenson alleges that he did not violate the protective order. *Id*. at 19–39. Although Mr. Stephenson later pled guilty to violating a protective order and stalking, he allegedly did so "under duress to escape indefinite detention." *Id*. at 45. In addition, Mr. Stephenson alleges that the Defendants failed to disclose exculpatory evidence in proceedings concerning a related burglary charge. *Id*. at 29–33. The Defendants report that Mr. Stephenson has filed two post-conviction relief petitions in the Utah Fourth District Court, which Mr. Stephenson acknowledges. ECF No. 118, p. 6.

Judge Romero's Report and Recommendation denied as moot certain filings pertaining to Mr. Stephenson's first complaint; granted various motions to dismiss to the extent that Mr. Stephenson seeks declaratory and injunctive relief; stayed the action to the extent that Mr. Stephenson seeks monetary damages; and denied Mr. Stephenson's motion to file a second amended complaint.

On review here, Mr. Stephenson objects, asking that the court "determine, claim by claim and damages theory by damages theory, whether a discrete pre-plea Fourth Amendment claim and associated pre-plea damages can be adjudicated independently." ECF No. 121, pp. 12–13. Mr. Stephenson further objects to the specifics of the stay recommended by Judge Romero, asking this court to require the parties to periodically report on the status of the state criminal proceedings underlying his claims; that the court "[p]reserve all damages claims during any stay and clarify that the stay is not a decision on the merits"; and that the court "[c]orrect" a description of the underlying facts in Judge Romero's report. *Id*. at 22–23. Finally, Mr. Stephenson asks that the court "make any such dismissal [of Mr. Stephenson's claims] expressly without prejudice"; and that the court, if it denies him leave to amend his complaint, "make the denial expressly without prejudice to renewal [sic] upon a material change in circumstances." *Id*. at 23.

## LEGAL STANDARD

Under 28 U.S.C. § 636(b)(1)(C), the court "shall make a de novo determination of those portions of the report . . . or recommendations to which objection is made." As noted, Mr. Stephenson has objected to Judge Romero's stay of his claims for damages, as well as the terms of Judge Romero's dismissal of his remaining claims, denial of leave to file a second amended complaint, and recitation of the underlying facts. The court reviews those portions of the Report and Recommendation de novo.

In reviewing the relevant motions to dismiss, the court applies Rule 12(b)(6) of the Federal Rules of Civil Procedure, which provides that a court may dismiss a complaint if it fails "to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). When considering a motion to dismiss for failure to state a claim, a court "accept[s] as true all well-pleaded factual allegations in the complaint and view[s] them in the light most favorable to the plaintiff." *Burnett v. Mortg. Elec. Registration Sys., Inc.*, 706 F.3d 1231, 1235 (10th Cir. 2013).

## ANALYSIS

### I. CLAIMS FOR INJUNCTIVE AND DECLARATORY RELIEF

Judge Romero properly dismissed Mr. Stephenson's claims for injunctive and declaratory relief. As Judge Romero explained, *Younger* abstention prevents this court from interfering with ongoing state criminal proceedings. *Wilson v. Morrissey*, 527 F. App'x 742, 743 (10th Cir. 2013). In determining whether *Younger* abstention applies, courts consider whether "(1) there are ongoing state proceedings; (2) the state proceedings offer an adequate forum to hear the plaintiff's federal claims; and (3) the state proceedings implicate important state interests." *Id*. at 744. All of these factors are present here.

First, Mr. Stephenson's Fourth Amendment, Fourteenth Amendment, civil conspiracy, and Racketeer Influenced and Corrupt Organizations Act (RICO) claims all rely on the same allegations about fabrication of evidence, suppression of exculpatory material, wrongful prosecution, and invalid convictions. ECF No. 73, ⁋⁋ 16–88. These allegations are all at issue in the ongoing state post-conviction relief proceedings. *See* ECF No. 121, pp. 3, 11–12. Mr.

Stephenson himself appears to acknowledge this, arguing in his opposition to one of several motions to dismiss that the state proceedings "collaterally support[] the factual basis of his federal claims by marshalling the same exculpatory evidence and investigative irregularities." ECF No. 79, p. 10.

Second, the state proceedings offer an adequate forum for Mr. Stephenson's federal claims. "'[U]nless state law clearly bars the interposition of the federal statutory and constitutional claims,' a plaintiff typically has 'an adequate opportunity to raise federal claims in state court.'" *Winn v. Cook*, 945 F.3d 1253, 1258 (10th Cir. 2019) (citation omitted). Mr. Stephenson has not shown any grounds for this court to conclude that the Utah state courts are not an adequate forum. Indeed, he concedes that the "same exculpatory evidence and investigative irregularities" have been raised in the state proceedings. ECF No. 79, p. 10.

Third, the state proceedings implicate an important state interest. "The state of Utah has an important interest in its criminal proceedings." *Buck v. Myers*, 244 F. App'x 193, 197 (10th Cir. 2007). Mr. Stephenson's claims arise out of Utah's criminal proceedings.

Mr. Stephenson attempts to escape *Younger* abstention by arguing that abstention is inappropriate because the state proceedings were conducted in bad faith, for the purpose of harassment, or under extraordinary circumstances. ECF No. 85, p. 13. However, he offers no support for this argument beyond his existing allegations. *Id*. "[I]t is the plaintiff's 'heavy burden' to overcome the bar of *Younger* abstention by setting forth more than mere allegations of bad faith or harassment." *Phelps v. Hamilton*, 122 F.3d 885, 889 (10th Cir. 1997). Mr. Stephenson has not carried that burden.

In his objection to Judge Romero's Report and Recommendation, Mr. Stephenson argues that Judge Romero failed to distinguish "between relief that would directly interfere with the

pending state proceedings and relief that may later be legally available" and therefore requested that the court limit the dismissal of claims for injunctive and declaratory relief. ECF No. 121, pp. 18–19. This objection misconstrues Judge Romero's *Younger* analysis. Judge Romero applied the doctrine to each of Mr. Stephenson's claims for relief and concluded, properly, that all forms of injunctive and declaratory relief sought by Mr. Stephenson would directly interfere with the state proceedings.

Reviewing the specific forms of injunctive and declaratory relief identified in Mr. Stephenson's complaint confirms this. Mr. Stephenson sought: (1) a declaration that the Defendants violated his "Fourth, Fifth, Sixth, and Fourteenth Amendment rights through fabrication of evidence, Brady violations, denial of effective assistance of counsel, and malicious prosecution"; (2) a declaration that he is innocent of all charged offenses; (3) the vacation of his criminal convictions; (4) the expungement of his criminal record; (5) the "immediate cessation of all probation, fines, fees, and restitution obligations; and (6) an injunction requiring Defendants to enact a panoply of broad policy reforms. ECF No. 1, p. 18. Modifying, vacating, or declaring incorrect Mr. Stephenson's convictions would clearly interfere with the ongoing state post-conviction proceedings, as would declaring that Mr. Stephenson's constitutional rights were violated by the investigation and proceedings underlying his convictions. Ordering the Defendants to enact the policy reforms Mr. Stephenson requests would also require this court to make findings about the investigation and criminal proceedings underlying Mr. Stephenson's convictions, again interfering with the ongoing post-conviction proceedings.

## II. CLAIMS FOR DAMAGES

The *Younger* abstention doctrine applies with equal force to Mr. Stephenson's attempts to seek monetary relief on the basis of his Fourth Amendment, Fourteenth Amendment, civil

conspiracy, and RICO claims. Currently, these claims are also barred by the *Heck* doctrine, which states that

> in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus.

*Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994) (footnote omitted). Mr. Stephenson appears to acknowledge that he has not obtained any outcome that would permit him to seek damages under *Heck*. ECF No. 121, pp. 11–12; ECF No. 79, p. 10. However, the Tenth Circuit has directed district courts to stay, rather than dismiss, damages claims that are subject to *Younger* abstention, and Mr. Stephenson's state post-conviction relief proceedings are ongoing. *Buck v. Myers*, 244 F. App'x 193, 198 (10th Cir. 2007). Thus, Judge Romero correctly recommended that the court stay Mr. Stephenson's claims for damages. ECF No. 118, p. 18.

Mr. Stephenson argues that his Fourth Amendment claim might not invalidate his conviction. ECF No. 121, pp. 11–12. While it is possible that a criminal defendant could prevail on a Fourth Amendment claim without invalidating a conviction or sentence, Mr. Stephenson's Fourth Amendment claim in this proceeding is predicated on his allegations that the defendants fabricated inculpatory evidence, which goes directly to the validity of his conviction. ECF No. 73 ¶¶ 50–54.

Mr. Stephenson also urges this court to impose extensive reporting obligations on the parties during the stay, requiring them to periodically report on the status of the state post-conviction proceedings. ECF No. 121, p. 23. The Supreme Court has found that periodic

reporting requirements through which federal courts purport to supervise state proceedings are inconsistent with *Younger* abstention. *O'Shea v. Littleton*, 414 U.S. 488, 501 (1974). Even if such reporting requirements were permissible, Mr. Stephenson has not shown that they are necessary, given that Judge Romero's recommendation already requires the parties to file a status report within ten days of the conclusion of Mr. Stephenson's state proceedings. ECF No. 118, p. 20.

Finally, Mr. Stephenson asks that the court modify Judge Romero's recommendation to "make any such dismissal [of Mr. Stephenson's claims] expressly without prejudice" and, if it denies him leave to amend his complaint, "make the denial expressly without prejudice to renewal upon a material change in circumstances." ECF No. 121, pp. 23–24. However, Judge Romero's Report and Recommendation already contemplates that Mr. Stephenson will be granted leave to file an amended complaint after the stay of his monetary damages claims is lifted. ECF No. 118, p. 20. Thus, Mr. Stephenson's proposed modifications are unnecessary.

## III. DISPUTED ISSUE OF FACT

Mr. Stephenson objects to Judge Romero's reference, in the background narrative section of the Report and Recommendation, to a "permanent" civil stalking injunction issued against Melisa Hansen, as the injunction allegedly expired on August 23, 2025. ECF No. 118, p. 4; ECF No. 121, p. 15. But the status of the injunction is not material to Judge Romero's analysis or this court's analysis. Moreover, Mr. Stephenson referred to the injunction as permanent in his own amended complaint. ECF No. 73 ⁋ 75. "Factual assertions in pleadings ... unless amended, are considered judicial admissions conclusively binding on the party who made them." *In re Overstock Sec. Litig.*, 119 F.4th 787, 800 (10th Cir. 2024). It is therefore unnecessary for this court to make a finding on the status, or most accurate description, of the injunction.

## CONCLUSION AND ORDER

For the reasons above, the court overrules Mr. Stephenson's objections and ADOPTS the Report and Recommendation in full.

DATED September 14, 2026.

BY THE COURT

Jill N. Parrish
Chief United States District Court Judge
District of Utah